ERICKSON v PURE OIL CORPORATION

JUDGMENT—SUMMARY JUDGMENT—ISSUE OF FACT—COURT RULE.

Summary judgment in favor of a defendant manufacturer of roof panels was properly granted where the plaintiff was injured in a fall while working on a roof and alleged negligence in the design of the roof pitch and in the application of oil to the iron roof panels to prevent corrosion, but also acknowledged that he was aware of both the pitch and the oil; there was no genuine issue as to any material fact where the danger was obvious and appreciated by the plaintiff (GCR 1963, 117.2[3]).

Appeal from Wayne, James N. Canham, J. Submitted Division 1 November 13, 1974, at Detroit. (Docket No. 18448.) Decided November 27, 1974.

Complaint by Ralph E. Erickson, Jr., and Susan Erickson against the Pure Oil Corporation, Union Oil of California, Butler Manufacturing Company, and Antler Corporation for damages for negligence. Summary judgment for defendant Butler Manufacturing Company. Plaintiffs appeal. Affirmed.

*Theodore M. Rosenberg,* for plaintiffs.

*Garan, Lucow, Miller, Lehman, Seward & Cooper* (by *John C. Patrick, Jr.),* for defendant Butler Manufacturing Company.

Before: BASHARA, P. J., and DANHOF and VAN VALKENBURG,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

73 Am Jur 2d, Summary Judgment § 26 *et seq.*

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Plaintiff was employed as an iron worker by the Garrison Company, who subcontracted to construct the walls and roof of a building. Defendant Butler Manufacturing Company was the supplier of the wall and roofing material for the job. The roofing panels were lightly oiled prior to shipment to the job site to prevent corrosion. Plaintiff was injured when he slipped and fell while working on the apex of the roof.

Plaintiff sued alleging that defendant Butler was negligent in designing the pitch of the roof, and in applying oil to the roof sheeting. The plaintiff admitted upon deposition that prior to his injury he had worked on the roof and was aware of the roof's pitch and the light oil on the iron roof panels.

The trial judge granted defendant's motion for summary judgment, finding that there was no genuine issue as to any material fact, GCR 1963, 117, and relying in his opinion on *Fisher v Johnson Milk Co, Inc,* 383 Mich 158; 174 NW2d 752 (1970). Plaintiff appeals. In *Fisher,* Justice DETHMERS, speaking for a majority of the court stated:

"If the manufacturer does everything necessary to make the machine function properly for the purpose for which it is designed, if the machine is without any latent defect, and if its functioning creates no danger or peril that is not known to the user, then the manufacturer has satisfied the law's demands." p 162.

We have carefully reviewed the record, briefs, and arguments and conclude that the *Fisher, supra,* standards are determinative. The oil coating was necessary for the panel's designed purpose, protection from the elements. Any danger was obvious and appreciated by plaintiff. Since there was no genuine issue as to any of those material

facts, the trial court properly ruled that defendant breached no legally recognizable duty to plaintiff and was entitled to summary judgment.

Affirmed.